IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua Bryan Jordan, | ) | C/A No.: 1:14-1092-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Berkeley County Jail, et al.; Officer Morton; and Officer Gist, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Joshua Bryan Jordan, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights while incarcerated at the Berkeley County Jail ("BCJ")[1] and names the following defendants: BCJ, Officer Morton, and Officer Gist (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process as to the BCJ.[2]

I.      Factual and Procedural Background

Plaintiff alleges an excessive use of force by Officers Morton and Gist on January 6, 2014, for Plaintiff's failure to enter a cell upon command. [Entry #1 at 2, 4]. Plaintiff

---

[1] The BCJ is also known as the Hill-Finklea Detention Center.
[2] A separately-docketed order directs service for Officer Morton and Officer Gist.

1

seeks damages and that the officers receive a reprimand  *Id.* at 6.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

2

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It is well-settled that only persons may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a person includes individuals and bodies politic and corporate). Courts have held that inanimate objects such as buildings, facilities, and grounds are not considered a person and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). In this case, Plaintiff names the BCJ, which is a facility used primarily to house detainees awaiting trial in state court. As the BCJ is not a person amenable to suit under § 1983, it should be summarily dismissed from this case.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process as to the Berkeley County Jail.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 25, 2014                                          Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).